# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| STEVEN J. GUZIEWICZ, | No. 3:17-CV-01699 |
|---|---|
| Plaintiff. | (Judge Brann) |
| v. | |
| NINOUSKA GOMEZ, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### APRIL 20, 2018

Before the Court is Defendant Kurt P. Moran, M.D.'s Motion to Dismiss Plaintiff's Complaint. For the following reasons, this Motion will be granted in part and denied in part.

## I. BACKGROUND[1]

Plaintiff Steven Guziewicz ("Mr. Guziewicz") filed a thirteen count Complaint on September 19, 2017 against Defendants Ninouska Gomez,[2] Al Munley,[3] William McCarthy,[4] Amy Gorolis,[5] and Kurt Moran, M.D.[6] Counts ten

---

[1] When considering a motion to dismiss, a court assumes the truth of all allegations made in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The material in this section, then, is taken entirely from Plaintiff's Complaint, ECF No. 1, and is presumed true for present purposes.

[2] Ms. Gomez was, at all relevant times, employed as an agent for the Lackawanna County Adult Probation Office. *See* Compl. (ECF No. 1) ¶ 4.

[3] Mr. Munley was, at all relevant times, employed as a supervisory agent for the Lackawanna County Adult Probation Office. *Id.* ¶ 5.

and eleven of the Complaint allege breach of physician-patient confidentiality and intentional infliction of emotional distress claims against Defendant Kurt P. Moran, M.D. ("Dr. Moran").[7] Dr. Moran has moved to dismiss these claims.[8] The following background contains facts relevant to those claims and the general narrative.

On December 18, 2013, Mr. Guziewicz was sentenced in the Court of Common Pleas of Lackawanna County to 11.5 to 23.5 months of incarceration followed by 36 months of probation.[9] The crime underlying this sentence was acquiring a controlled substance through fraud, forgery, or deception in violation of 35 Pa. C.S. § 780.113(a)(12).[10] At his sentencing, Mr. Guziewicz was given credit for time served, immediately released on county parole status, and assigned Defendant Ninouska Gomez ("Defendant Gomez") as his parole officer.[11] Sometime thereafter, and pertinent to the instant motion, he became a patient of Dr. Moran, and was prescribed narcotics for pain related to several chronic medical

---

[4] Mr. McCarthy was, at all relevant times, employed as the director of the Lackawanna County Adult Probation Office. *Id.* ¶ 6.

[5] Ms. Gorolis was, at all relevant times, employed as office manager for the private medical practice of Dr. Kurt P. Moran. *Id.* ¶ 8.

[6] ECF No. 1.

[7] *Id.* at 35–36.

[8] ECF No. 13.

[9] Compl. (ECF No. 1) ¶ 10.

[10] *Id.*

[11] *Id.*

conditions.[12] Written copies of these prescriptions were provided to Defendant Gomez at each monthly probation appointment.[13]

On behalf of his father's estate, Mr. Guiziewicz initiated a lawsuit against county probation officer Renee Magnotta on September 18, 2014.[14] The crux of this lawsuit brought under 42 U.S.C. § 1983 and currently pending before my colleague, the Honorable A. Richard Caputo, rests on the false arrest and erroneous initiation of criminal proceedings against the elder Guziewicz.[15] Steven Guziewicz was arrested on August 13, 2015 for an alleged violation of his probation.[16] He stipulated to this violation and was released from incarceration on December 11, 2015.[17] As a condition of his release, Mr. Guziewicz was required to participate in random drug testing as a condition of his release.[18]

On March 1, 2016, Mr. Guziewicz was selected for random drug testing.[19] The test results were positive for hydrocodone, but Mr. Guziewicz provided the probation office with a script from Regional Hospital of Scranton for

---

[12] *Id.* ¶ 11.

[13] *Id.*

[14] Compl. (ECF No. 1) ¶ 12.

[15] *Id.* ¶ 12.

[16] *Id.* ¶ 14. I note the presence of factual allegations intimating that this arrest was in retaliation for the federal suit. *Id.* These facts are not relevant however to the instant motion.

[17] *Id.* ¶ 17.

[18] *Id.* ¶ 18.

[19] Compl. (ECF No. 1) ¶¶ 19-20.

hydrocodone.[20] Defendant Gomez, however, suspected this script to be a forgery, and went to Dr. Moran's office for further inquiry.[21] At the office, Defendant Gomez spoke with Dr. Moran's office manager, Amy Gorolis.[22] Defendant Gomez misinformed Ms. Gorolis that she was in possession of a Vicodin prescription that had been issued by Dr. Moran.[23] Ms. Gorolis responded that Dr. Moran's office had never prescribed vicodin, and that any script for vicodin from the office was a forgery.[24] Ms. Gorolis then showed Defendant Gomez an additional prescription in Mr. Guziewicz's name which was obtained from a nearby pharmacy and was suspected to be forgery.[25] The issuing pharmacy has no record of this prescription.[26]

After reviewing this allegedly forged script, Defendant Gomez requested authorization from Defendant Al Munley to conduct a warrantless search of Mr. Guziewicz's medical file.[27] This authorization was granted, and Defendant Gomez requested the file from Ms. Gorolis.[28] Ms. Gorolis then called Dr. Moran, who

---

[20] Compl. (ECF No. 1) ¶¶ 20–22.
[21] *Id.* ¶ 22.
[22] *Id.* ¶ 23.
[23] *Id.*
[24] *Id.*
[25] Compl. (ECF No. 1) ¶ 23.
[26] *Id.*
[27] *Id.* ¶ 24.
[28] *Id.*

gave his permission to provide the file.[29] Defendant Gomez photocopied both the allegedly forged oxycodone prescription and a December 18, 2015 laboratory urinalysis showing the presence of fentanyl, oxycodone, marijuana, buprenorphine, and morphine.[30]

Based on this seized evidence, Mr. Guziewicz was taken into custody on March 1, 2016 for alleged probation violations.[31] A March 11, 2016 Petition for Revocation of Probation drafted by Defendant Gomez alleged the following conditions had been violated:

> Condition 3: failure to obey all municipal, state, and federal laws
>
> Condition 7: unlawful possession and/or use of a controlled substance without a valid prescription
>
> Condition 11(f): changing validly prescribed controlled substance medications without notifying a probation agent.[32]

On May 23, 2016, Mr. Guziewicz was further charged with two felony counts of forgery under 18 Pa. C.S. § 4101 in the Court of Common Pleas of Lackawanna County based on the two allegedly forged prescriptions.[33] These

---

[29] *Id.*

[30] Compl. (ECF No. 1) ¶ 27.

[31] *Id.* ¶ 28.

[32] *Id.* ¶ 29.

[33] *Id.* ¶ 36.

criminal forgery charges were subsequently dropped on September 26, 2016,[34] and, after being held in custody for eight months, Mr. Guziewicz was found not to have violated the terms of his probation. He was released from custody on October 28, 2016.[35]

The history of these prosecutions is told in abbreviated fashion because, while relevant with regard to the County Defendants, the related facts are beyond the ambit of the present inquiry.

**II.   LAW**

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[36] a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party;[37] the court does not, however, assume the truth of any of the complaint's legal conclusions.[38] If a complaint's factual allegations, so treated, state a claim that is plausible – *i.e.*, if they allow the court to infer the defendant's liability – the motion is denied; if they fail to do so, the motion is granted.[39]

---

[34] *Id.* ¶ 43.

[35] Compl. (ECF No. 1) ¶¶ 45–46.

[36] Federal Rule of Civil Procedure 12(b)(6).

[37] *Phillips v. Cnty. Of Allegheny*, 616 F.3d 224, 228 (3rd Cir. 2008).

[38] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). See also *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

[39] *Id.*

## III. ANALYSIS

### A. Whether Plaintiff Has Adequately Stated a Violation of Physician Patient Confidentiality

Dr. Moran first moves to dismiss count ten of Mr. Guziewicz's Complaint, or breach of physician-patient confidentiality. This request is made under both Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Neither premise however entitles Dr. Moran to dismissal of this claim.

Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of claims based on a lack of subject matter jurisdiction. A moving party may challenge subject matter jurisdiction by either facially or factually attacking the opposing party's assertion of jurisdiction.[40] Here, assuming the applicability of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Dr. Moran makes a factual challenge to subject matter jurisdiction based on the absence of a private cause of action under HIPAA.[41] A factual attack under Rule 12(b)(1), however, challenges subject matter jurisdiction outside merely allegations within the complaint.[42] When a moving party makes a factual attack,

---

[40] *See Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977).

[41] Def.'s Mem. of Law in Supp. of Mot. to Dismiss (ECF No. 13), at 7–9.

[42] *Mortensen*, 549 F.2d at 891.

the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."[43] Furthermore, unlike a case of a facial attack, the court accords the allegations of the complaint no presumption of truthfulness and can consider "affidavits, documents, and even limited evidentiary hearings."[44]

In his brief in opposition to Dr. Moran's motion to dismiss, Plaintiff indicates that count ten, or breach of physician-patient confidentiality, is premised not on a HIPAA violation, but rather on a state law cause of action before this Court under 28 U.S.C. § 1367.[45] Dr. Moran's challenge to subject matter jurisdiction, premised on the applicability of HIPAA, is therefore moot, and my inquiry will instead turn to the plausibly of this state law claim.

Pennsylvania courts have indeed recognized a cause of action for breach of physician-patient confidentiality.[46] In finding such an action, those courts have noted that "[d]octors have an obligation to their patients to keep communications, diagnosis, and treatment completely confidential."[47] The harm resulting from a breach of this obligation "entails not only the mental suffering due to exposure of private information, but also subsumes an erosion of an essential, confidential

---

[43] *Id.*; *Jarman v. Capital Blue Cross*, 998 F.Supp.2d 369, 374 (M.D.Pa. 2014).

[44] *Turicentro, S.A. v. American Airlines, Inc.,* 303 F.3d 293, 300 n. 4 (3d Cir. 2002).

[45] Pl.'s Br. in Opp. To Def.'s Mot. to Dismiss (ECF No. 16) at 4.

[46] *See Haddad v. Gopal,* 787 A.2d 975, 980 (Pa.Super.Ct.2001); *Moses v. McWilliams,* 549 A.2d 950, 953–54 (Pa.Super.Ct. 1988).

[47] *Haddad,* 787 A.2d at 981.

relationship between the health care services provider and the patient."[48]  Therefore, to be actionable at law, "the disclosure must be made without legal justification or excuse."[49]

Here, Mr. Guziewicz has sufficiently alleged a breach of physician-patient confidentiality claim based on the facts recited above.  Upon request from Defendant Gomez and without a warrant or consent, Dr. Moran's office manager, Ms. Gorolis, called him to obtain his permission to provide Mr. Guziewicz's medical file.[50]  Dr. Moran gave this permission and Defendant Gomez was then allowed to take a photocopy of an allegedly forged oxycodone prescription and a December 18, 2015 laboratory urinalysis showing the presence of fentanyl, oxycodone, marijuana, buprenorphine, and morphine.[51]  This evidence formed the basis for several probation violation charges, and Mr. Guziewicz's arrest later that date.[52]  Assuming the veracity of these averments, as required under Rule 12(b)(6), I find that Mr. Guziewicz has alleged sufficient facts to state a breach of confidentiality claim.

---

[48] *Burger v. Blair Med. Assocs., Inc.,* 964 A.2d 374, 380 (Pa. 2009).

[49] *Moses,* 549 A.2d at 954.

[50] *Id.* ¶ 24.

[51] *Id.* ¶ 27.

[52] *Id.*

### B. Whether Plaintiff Has Adequately Stated an Intentional Infliction of Emotional Distress Claim

Dr. Moran next moves to dismiss Mr. Guziewicz's claim against him for intentional infliction of emotional distress for failure to allege a physical injury resulting from emotional distress. This suggestion of insufficient pleading is well founded.

Under Pennsylvania law, "[t]o state a claim for intentional infliction of emotional distress, a plaintiff must plead that the defendant's conduct: (1) was intentional or reckless; (2) was extreme and outrageous; (3) actually caused the distress; and (4) caused distress that was severe."[53] Thus, "[i]n order to state a cognizable claim, the conduct must be so extreme in nature as to go beyond all possible bounds of decency such that it would be regarded as utterly intolerable to civilized society."[54] Moreover, Pennsylvania law requires that some type of physical harm be shown in order to satisfy the severe emotional distress element.[55]

In the instant case, Mr. Guziewicz has not alleged that he suffered any type of physical injury resulting from Dr. Moran's allegedly extreme and outrageous conduct. Indeed, he has only alleged that during his post-March 1, 2016 confinement (the impetus of which was the medical records released by Dr.

---

[53] *Regan v. Twp. of Lower Merion*, 36 F. Supp. 2d 245, 251 (E.D. Pa. 1999).

[54] *Id.* (internal quotation marks omitted).

[55] *DiLoreto v. Costigan*, 600 F. Supp. 2d 671, 691 (E.D. Pa. 2009); *Hart v. O'Malley*, 647 A.2d 542, 554 (1994).

Moran), he suffered "severe emotional distress."[56] Such conclusory allegations, in the absence of corresponding physical injury, are insufficient to withstand a motion to dismiss.[57] Therefore, despite the arguments of Mr. Guziewicz concerning the outrageousness of Dr. Moran's conduct, this claim is dismissed. However, because I cannot find that it would be futile for Mr. Guziewicz to amend this claim, dismissal is without prejudice.[58]

## IV. CONCLUSION

Based on the above reasoning, Defendant Dr. Moran's Motion to Dismiss is granted in part and denied in part. Mr. Guziewicz's intentional infliction of emotional distress claim is dismissed without prejudice.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[56] Compl. (ECF No. 1) ¶¶ 50, 95, & 97.

[57] *See, e.g., Clark v. Conahan*, 737 F.Supp.2d 239, 273 (M.D.Pa. 2010)(Caputo, J.)(collecting cases); *Allen v. Wells Fargo, N.A.*, No. 14-CV-5283, 2015 WL 5137953, at *6 (E.D.Pa. Aug. 28, 2015)(collecting cases).

[58] I note, however, that to sustain an intentional infliction of emotional distress claim, Mr. Guziewicz would have to allege physical manifestations of his alleged emotional distress. *See, e.g., Jacobs v. City of Pittsburgh*, No. 08-CV-470, 2011 WL 15848, at *10 (W.D.Pa. Feb. 18, 2011). Furthermore, and with an eye toward future procedural hurdles, I note that "in order to recover on a claim of intentional infliction of emotional distress, the plaintiff must prove the existence of the alleged emotional distress by "competent medical evidence." *Robinson v. May Dept. Stores Co.*, 246 F.Supp.2d 440, 444 (E.D.Pa. 2003).